Ciardello v. Maxfli                    CV-94-348-SD   10/19/95
              UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Gerald M. Ciardello


    v.                                 Civil No. 94-348-SD


Maxfli


                         O R D E R


    On or about July 1, 1994, plaintiff commenced this

negligence/strict liability action against Maxfli for injuries

allegedly suffered when, after being heated in a microwave oven,

a golf ball manufactured by defendant exploded in plaintiff's

hand.

    Defendant filed a motion for summary judgment on May 1,

1995, to which plaintiff objected by May 25, 1995.  Presently

before the court is defendant's September 25, 1995, motion to

stay discovery pending the court's resolution of the summary

judgment motion.  The time for plaintiff's submission of an

objection having expired, and no objection being filed, the court

herewith rules on said motion to stay discovery.

    As a general matter,

        it is appropriate for a court to stay
        discovery until a pending dispositive motion

> is decided, especially where the case is
> likely to be finally concluded as a result of
> the ruling thereon; where the facts sought
> through uncompleted discovery would not
> affect the resolution of the motion; or where
> discovery on all issues of the broad
> complaint would be wasteful and burdensome.

Wolf v. United States, 157 U.S. 494, 495 (D. Kan. 1994) (citation omitted). Notwithstanding the general rule, "[a] court abuses its discretion when it stays discovery and prevents a party from having a sufficient opportunity to develop a factual basis for defending against the motion." Id. (citing Panola Land Buyers, Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985)).

As part of their requested relief, defendants seek an extension of "the deadline for Defendant's responses to the Plaintiff's Requests for Production of Documents dated September 1, 1995 to a date that is 30 days from the date of the Court's decision on the Motion for Summary Judgment . . . ." Defendant's Motion to Stay Discovery at 2. However, in his objection to the motion for summary judgment, plaintiff has chronicled the difficulties he has faced in obtaining discovery as follows:

> Plaintiff has been diligent in seeking
> evidence, including the use of a motion to
> compel when defendant failed to cooperate.
> Plaintiff is just now coming into information
> that will allow it to depose employees of the
> defendant who may be aware of what testing
> Maxfli has conducted and what Maxfli knew
> about the dangers involved with heating golf

2

balls.  Plaintiff should be allowed to try to overcome defendant's lack of cooperation and complete discovery.

Plaintiff's Memorandum of Law in Opposition to Summary Judgment at 7-8.

Since plaintiff has identified past difficulties in obtaining appropriate discovery, and further since this court would abuse its discretion by preventing plaintiff from proceeding with necessary discovery, the court herewith finds and rules that discovery shall proceed, even though dispositive motions are pending.  Accordingly, defendant's motion to stay discovery (document 13) must be and herewith is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 19, 1995

cc:  Gerald Ciardello, pro se
     Arthur G. Greene, Esq.

3